UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HERNESTO MAGDENI FUNES-
MURILLO,

       Plaintiff,

    v.

WARDEN MATTHEW MORDANT,
GARRETT J. RIPA, ACTING
DIRECTOR TODD M. LYONS,
SECRETARY MARKWAYNE
MULLINS,

       Defendants.

_____/

Case No. 2:26-cv-1267-KCD-NPM

## ORDER

Petitioner Hernesto Magdeni Funes-Murillo is a citizen of Honduras. He was apprehended while entering the United States at the Texas border, and an immigration officer denied him admission. He was then released and lived freely under supervision in the United States for over three years. Earlier this year, Immigration & Customs Enforcement arrested him. He has filed a habeas corpus petition challenging his continued detention. (Doc. 6.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*Id.* at 6-9.) Respondents concede that Funes-Murillo is entitled

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

to a bond hearing based on the Eleventh Circuit's recent decision, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026). (Doc. 12.) The Court agrees.

Since the Eleventh Circuit's decision, this Court has found that aliens who are stopped at the border and released into the country, like Funes-Murillo, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Garcia v. Warden, S. Fla. Det. Facility,* No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026).

Funes-Murillo seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Funes-Murillo is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa,* 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Funes-Murillo with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Funes-Murillo also seeks relief under the Fifth Amendment, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the

2

applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or he remains in custody, he can renew any other claims in a subsequent suit.[2]

Accordingly, the Amended Petition for Writ of Habeas Corpus (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on May 15, 2026.

Kyle C. Dudek
United States District Judge

---

[2] The Court lacks jurisdiction to consider Funes-Murillo's Fourth Amendment claim regarding probable cause and his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).